# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2016, 9:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryce Paxson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 8, 2016

Court of Appeals Case No.
38A02-1607-CR-1646

Appeal from the Jay Superior Court

The Honorable Max C. Ludy, Judge

Trial Court Cause No.
38D01-1511-F4-4

**Bailey, Judge.**

# Case Summary

[1] Bryce Paxson ("Paxson") pleaded guilty to Causing Death When Operating a Motor Vehicle with an Alcohol Concentration Equivalent of .15 or More, as a Level 4 felony.[1] Paxson appeals his twelve-year sentence, raising the sole restated issue of whether the sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

# Facts and Procedural History

[3] Following events on October 30, 2015, the State charged Paxson with Causing Death When Operating a Motor Vehicle with an Alcohol Concentration Equivalent of .08 or More, as a Level 5 felony. On November 18, 2015, the State charged Paxson with a second count, Causing Death When Operating a Motor Vehicle with an Alcohol Concentration Equivalent of .15 or More, as a Level 4 felony. Paxson entered into a plea agreement whereby Paxson would plead guilty to Count 2, the State would dismiss Count 1, and the State would make no recommendation at sentencing. On July 13, 2016, the trial court accepted Paxson's guilty plea and proceeded directly to sentencing Paxson for

---

[1] Ind. Code § 9-30-5-5(b)(1).

the Level 4 felony conviction. Following a hearing, the trial court sentenced Paxson to twelve years executed, the maximum sentence authorized by statute.

[4] Paxson now appeals.

# Discussion and Decision

[5] Article 7, Section 4 of the Indiana Constitution grants the authority for appellate review and revision of criminal sentences, and is implemented through Indiana Appellate Rule 7(B). Under this rule, this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225.

[6] As to the nature of the offense, the evidence presented at sentencing indicated that Paxson consumed approximately ten beers, then got behind the wheel of his truck, leaving town at a high rate of speed. Paxson lost control of the truck, hurtled through a driveway, and crashed into the front porch and wall of a house. The truck came to rest in the living room, where sixteen-year-old S.C. was on the couch. Paxson's truck struck and killed S.C.

Looking to the character of the offender, Paxson has two prior felony convictions for dealing in methamphetamine in 2008. Paxson also has a prior operating while intoxicated conviction in 1993. Paxson was on probation when he committed the instant offense.

Paxson has not persuaded us that his sentence was inappropriate.

# Conclusion

Paxson's sentence does not warrant revision under Appellate Rule 7(B).

Affirmed.

Najam, J., and May, J., concur.